ORIGINAL

Law Library

FILED
SUPERIOR COURT
OF GUAM

2009 MAR 19 AM 8: 53

CLERK OF COURT

BY: ___

# IN THE SUPERIOR COURT
## OF GUAM

PEOPLE OF GUAM, )   Criminal Case no. CM505-08
                 )
            Plaintiffs, )   **DECISION AND ORDER**
v.               )   re: motions to dismiss and motion
                 )   for discovery.
WANDA MOTOL ILILAU,, )
                 )
            Defendant. )
_____ )

This matter came before the Honorable Judge Michael J. Bordallo on February 24, 2009. Plaintiffs were represented by Assistant Attorney General Charles J. Kinnunen. Defendant was represented by Attorney Jane L. Kennedy. On February 24, the parties requested that the matter be submitted on the briefs. Having reviewed the arguments and memoranda presented, the court now issues the following decision and order denying Defendant's motions.

## BACKGROUND

On July 2, 2008, a Magistrate Complaint was filed against Defendant Wanda Motol Ililau. It charged the Defendant with four numbered Charges: 1) Resisting Arrest, a Misdemeanor; 2) Assault, a Misdemeanor; 3) Disorderly Conduct, a Petty Misdemeanor; and 4) Public Drunkenness, a Violation.

## DISCUSSION

Defendant has challenged the sufficiency of Charges 3 and 4 and requests their dismissal. In support of his argument Defendant argues that Charge 4 of the Magistrate Complaint is vague and that the declaration in support of the Magistrate Complaint fails to state a crime for Charges 3 and 4. Defendant has also filed a motion to compel discovery.

The People respond in opposition to Defendant's three motions with two motions. In opposition to Defendant's motions to dismiss, the People argue that the Magistrate

Complaint meets the standards established to test the sufficiency of an indictment. They also assert that: 1) on July 11, 2008 they provided the Defendant with all known discoverable materials; 2) they will provide the pretrial discovery material at the time indicated by the court's scheduling order; and 3) that they recognize their statutory obligation to provide continuing discovery and know of no *Brady* or otherwise exculpatory material that has not been provided. *Opp.* Defendant has not filed a memorandum in reply to the People's Oppositions.

**a) Sufficiency of the Magistrate's Complaint**

The test by which the sufficiency of an indictment, criminal information or complaint is analyzed does not differ. 8 Guam Code Ann. 55.10 (2008). Section 55.10(a) provides,

> (a) The indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged and shall be signed by the prosecuting attorney. It need not contain a formal commencement, a formal conclusion or any other matter not necessary to such statement. Allegations made in one count may be incorporated by reference in another count. It may be alleged in a single count that the means by which the defendant committed the offense are unknown or that he committed it by one or more specified means.

8 Guam Code Ann. § 55.10(a) (2008). An indictment is sufficient where, "it contains the elements of the crime alleged, adequately informs the defendant of the crime to allow him to defend against the charges, and is stated with sufficient clarity to bar subsequent prosecution for the same offense." *Guam v. Jones*, 2006 Guam 13, ¶3. When analyzing sufficiency "[i]t is also well established that an indictment should be read in its entirety, construed according to common sense, and interpreted to include facts which are necessarily implied." *Id.*

The language a charging document must contain was recently analyzed by the United States Supreme Court in *U.S. v. Resendiz-Ponce.* 549 U.S. 102, 106 (2007). In *Resendiz-Ponce,* the defendant was charged with attempted re-entry into the United States after having been previously deported. *Id.* at 102. He challenged the sufficiency of his indictment

arguing that it was constitutionally deficient. In support of this argument he asserts that because it did not specify the particulars of his attempt to re-enter: 1) that he walked into an inspection area; 2) that he presented a misleading identification card; or 3) that he lied to the inspector. *Id.* 107-109. Instead the indictment simply identified the place and time and replicated the statutory language. *Id.*

Justice Stevens, for the majority, first explained that there are "two constitutional requirements for an indictment: 'first, [that it] contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, [that it] enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'" *Id.* at 107 (internal citations omitted). After explaining some of the ways the word attempt could be defined, the Court held that "the use of the word 'attempt,' coupled with the specification of the time and place of respondent's attempted illegal reentry, satisfied both. Indeed, the time-and-place information provided respondent with more adequate notice than would an indictment describing particular overt acts." *Id.*

Like *Resendiz-Ponce*, in this case the complaint language was sufficient to allow the defendant adequate notice. The language of the complaint, viewed in its entirety, contains specific allegations of time and place. Furthermore, the statutory language used in Charge 3 was not, so frequently uncertain but invariable as to preclude fair notice to Defendant. *Id.* at 109.

**b) Sufficiency of the Declaration in Support of the Magistrate's Complaint**

Subsection 15.20(a) of Title 8 of the Guam Code provides, "If it appears from the complaint and the affidavits filed therewith that there is probable cause to believe that an offense has been committed and that the defendant has committed it, the judge shall issue a summons for the appearance of the defendant." 8 Guam Code Ann. §15.20 (2008). In Guam

probable cause to arrest arises when there are facts and circumstances to warrant a reasonable belief that the suspect has committed or was committing a crime. *People v. Ichiysu*, Crim No. 71F-85, *Appeal from Denial of Motion to Suppress*, *5 (D. Ct. Guam April 24, 1987). Outside of the context of arrests, as in preliminary hearings where courts are required to review whether probable cause existed, the federal courts have consistently held that a court is to determine whether there were reasonable grounds for an arrest. *Morrissey v. Brewer*, 408 U.S. 471, 485 (1972); Henderson v. Simms, 223 F.3d 267, 274 (4th Cir. 2000). In 1997 the Seventh Circuit explained the preliminary hearing standard as a "reasonable probability [i.e., likelihood] that a crime has been committed and that the defendant committed it . . . ." *U.S. v. Shannon*, 110 F.3d 382, n10 (7th Cir. 1997).

In this case Defendant argues that the Declaration in support of the Magistrate's Complaint lacked probable cause because it did not specify that the officers gave a reasonable warning and request to desist or that Defendant was intoxicated. The court disagrees with Defendant's arguments. When read in its entirety the court finds that the declaration contains enough facts to support a finding by a reasonable probability that Defendant committed Charges 3 and 4 of the Magistrate Complaint.

**c) Motion to Compel Discovery**

In the first line of his Memorandum of Points and Authorities, Defendant indicates that motion has been filed his motion to preserve his waiver of his right to discovery. A review of the contents of the motion and the briefing of the Parties reveals that Defendant has made no specific request for relief nor does it contest that the People have failed to comply with their statutory and constitutional duty to provide discovery. Absent such an assertion and request the court is unable to adequately compel, consider, or review Defendant's request.

Page -4-

## CONCLUSION

For the reasons outlined above Defendant's motions are denied.

SO ORDERED this 19 day of March 2009.

Honorable Michael J. Bordallo
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

MAR 1 9 2009

Joleen T. Cruz
Deputy Clerk Superior Court of Guam